**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

Yajaira Aquino,

*Plaintiff,*

v.

Eli Clothesout, Corp., and Luisa Gonzalez,

*Defendants.*

Docket No. 1:26-cv-09207

CIVIL ACTION

COMPLAINT

Plaintiff Yajaira Aquino (hereinafter, "Plaintiff"), by and through her undersigned attorneys, for her complaint against defendants Eli Clothesout, Corp., and Luisa Gonzalez (hereinafter collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a former employee of Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that she is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages for overtime work for which she did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

2. Plaintiff further complains that she is entitled to recover from Defendants: (i) back wages for unpaid minimum wage, and overtime premium for overtime work, each of which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) unpaid spread-of-hours compensation for shifts worked lasting in excess of 10 hours from start to finish in violation of the NYLL; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

**PARTIES**

3. Plaintiff Yajaira Aquino is an adult individual, residing in Bronx, New York.

4. At all times relevant herein, Eli Clothesout, Corp. has been a domestic business company organized under the laws of the State of New York with principal places of business at 5625 Broadway Ave, Store No. 6, Bronx, NY 10463, and 558 West 181st St, New York, NY 10033.

5. At all times relevant herein, defendant Eli Clothesout, Corp. has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, defendant Eli Clothesout, Corp. has had gross revenues in excess of

$500,000.00.

7. Upon information and belief, at all relevant times herein, defendant Eli Clothesout, Corp. has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

8. Defendant Luisa Gonzalez is an adult individual, residing in this district, and is an owner or part owner and principal of Eli Clothesout, Corp., and/or a manager of the business who has/had the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff (hereinafter, "Defendant Gonzalez").

9. At all times relevant herein, Defendant Gonzalez has been involved in the day-to-day operations of Eli Clothesout, Corp. and played an active role in managing the business, scheduling, supervising and paying Plaintiff during her employment by Defendants.

10. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. In addition, the Court has jurisdiction over Plaintiff's

claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**FACTS**

14. At all relevant times herein, Defendants owned and operated stores located at 5625 Broadway Ave, Store No. 6, Bronx, NY ("Bronx location"), and 558 West 181st St, New York, NY ("New York location"), doing business under the name Eli Clothesout Corp.

15. Plaintiff was employed by Defendants at Eli Clothesout Corp stores from approximately April 7, 2023, to July 27, 2026, as a manager, unloading and handling merchandise, unloading trucks, and working with customer service.

16. From April 7, 2023, to April 2024, Plaintiff worked at the Bronx location; and from May 2024 – July 27, 2026, Plaintiff worked in New York location.

17. At all relevant times herein, while employed at Eli Clothesout Corp, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18. From April 7, 2023, through May 2025, Plaintiff worked a regular schedule of 7 days per week: Monday, Tuesday, Wednesday, Thursday, Friday, and Saturday, from 9:00 a.m. to 8:00 p.m. (11

hours per shift), and Sunday, from 10:00 a.m. to 6:00 p.m. (8 hours per shift); totaling approximately 74 hours per week; with no day off.

19. From June 2025 until July 27, 2026, Plaintiff worked a regular schedule of 7 days a week: Monday, Tuesday, Wednesday, Thursday, and Friday, from 9:00 a.m. to 7:00 p.m. (10 hours per shift), Saturday, from 10:00 a.m. to 7:00 p.m. (9 hours per shift), and Sunday, from 11:00 a.m. to 6:00 p.m. (7 hours per shift); totaling approximately 66 hours per week; with no day off.

20. During her employment at Eli Clothesout Corp, Plaintiff was paid weekly, in cash, as follows:

- From April 7, 2023, to April 2024, she was paid $500 per week.
- From May 2024 to September 2025, she was paid $700 per week.
- From October 2025 to July 27, 2026, she was paid $1,000 per week.

21. As a result, during her employment with Defendants, Plaintiff's effective hourly rates of pay were below the applicable New York State minimum wage in effect at relevant times.

22. Defendants' failure to pay Plaintiff an amount at least equal to the applicable New York State minimum wage in effect during the relevant time periods was willful and lacked a good faith basis, because Defendants set her work schedule and rates of pay, paid her, and therefore were aware that she was not compensated at the

applicable New York State minimum wage, during her employment with Defendants.

23. Defendants also failed to pay Plaintiff any overtime compensation at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for all hours she worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

24. Defendants' failure to pay Plaintiff the overtime premium for additional overtime hours she worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and rate of pay, directly paid her, and therefore were aware that she was working in excess of forty hours per week, and that she was not compensated at the lawful overtime rate, during her employment with Defendants.

25. Defendants also failed to pay Plaintiff an additional hour's pay at applicable minimum wage for each shift she has worked lasting longer than ten hours from start to finish (the "spread-of-hours" compensation) in violation of the NYLL and supporting regulations.

26. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and compensation, directly paid her, and therefore were aware that she was working shifts in

excess of ten hours in length, and that she was never paid for such shifts during her employment by Defendants.

27. Plaintiff received no paystubs or wage statements of any sort with her pay during her employment by Defendants, which caused her financial harm as a result of her not being informed of the actual amount paid on an hourly basis, and the lawfully applicable rates of pay owed her at all relevant times herein.

28. Defendants also failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act - including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed - and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time, causing her financial harm resulting from her not being informed of the actual amount she was paid on an hourly basis and the lawfully applicable rates of pay owed her at all relevant times herein.

29. Defendants failed to provide Plaintiff with weekly records reflecting her compensation and hours worked during her employment by Defendants, in violation of the Wage Theft Prevention Act causing her financial harm resulting from her not being informed of the actual amount she was paid on an hourly basis and the lawfully applicable rates of pay owed her at all relevant times herein.

30. Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants

failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Failure to Pay Overtime Compensation)**

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff proper overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for each of the hours she worked in excess of forty hours per workweek.

34. As a result of Defendants' willful failure to compensate Plaintiff at the lawful overtime rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

35. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's work schedule and rate of pay,

paid her, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during her employment with Defendants.

36. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
## Violations of New York Labor Law
## (Failure to Pay Overtime Compensation)

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

39. Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

40. Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and rate of pay, paid her, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during her employment with Defendants.

41. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**
**Violations of New York Labor Law**
**(Failure to Pay Minimum Wage)**

42. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

44. Defendants willfully violated Plaintiff's rights by failing to pay her the lawfully required hourly rate at least equal to applicable New York State minimum wage in violation of the New York Labor Law §§ 190-199, 652, and its supporting regulations,

including the New York State Miscellaneous Industries and Occupations Wage Order.

45. Defendants' failure to pay Plaintiff the lawfully required minimum hourly rate was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and rates of pay, paid Plaintiff, and therefore were aware that they were not compensating Plaintiff at the applicable statutory minimum wage during her employment by Defendants.

46. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wage compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**Violations of New York Labor Law**

**(Failure to Pay Spread-Of-Hours Compensation)**

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay her an additional hour's pay, at applicable minimum wage, for

each shift worked lasting in excess of ten hours in length from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

50. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and compensation, paid her, and therefore were aware that Plaintiff was working shifts in excess of ten hours in length and that they were not compensating Plaintiff for such shifts during her employment by Defendants.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hours compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §§ 198 and 663(1).

**COUNT V**

**Violations of New York Labor Law - Wage Theft Prevention Act (Failure to Provide Wage Notices / Wage Statements / Notice at the Time of Hiring and Failure to Maintain Time and Compensation Records)**

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to provide her with the wage notices and statements required by the Wage Theft Prevention Act when she was hired, or at any time thereafter, causing financial harm to Plaintiff by preventing her being aware of, informed of and from receiving her lawfully owed compensation including minimum wage, overtime premium and spread-of-hours premium.

55. Defendants have continued to willfully violate Plaintiff's rights by failing to provide her with properly compliant weekly wage statements regarding her overtime pay, required by the Wage Theft Prevention Act at any time during her employment, causing financial harm to Plaintiff by preventing her from receiving her lawfully owed compensation including overtime premium.

56. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the properly compliant paystubs, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of her employment by Defendants, up to the maximum statutory damages.

57. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of her employment by Defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. A compensatory award of unpaid minimum wage compensation, at the applicable statutory rate, due under the New York Labor Law.

D. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

E. A compensatory award of unpaid spread-of-hours compensation, at the applicable statutory rate, due under the New York Labor Law;

F. An award of liquidated damages as a result of the Defendants' willful failure to pay the applicable minimum

wage and overtime compensation pursuant to 29 U.S.C. §216;

G. An award of liquidated damages for the Defendants' New York Labor Law violations;

H. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

I. Back pay;

J. Punitive damages;

K. An award of prejudgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

M. Such other, further, and different relief as this Court deems just and proper.

Dated: October 20, 2026
New York, New York

*/s/ Michael Samuel*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*